UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

CLYDE W. SMITH                        CIVIL ACTION

VERSUS                                NO. 06-2376

S. P. RICHARDS COMPANY                SECTION "C" (5)

ORDER AND REASONS

This matter comes before the Court on the issue of whether the minimum jurisdictional amount in controversy exists in this removed case.  Having determined that the defendant has not shown that the jurisdictional amount was in controversy at the time of removal, this matter is hereby REMANDED to state court pursuant to 28 U.S.C. § 1447(c).

The parties may neither consent to nor waive federal subject matter jurisdiction.  Simon v. Wal-Mart Stores, Inc., 193 F.3d 848 (5th Cir. 1999).  Bare assertions by the removing party are insufficient to invest a federal court of jurisdiction. Asociacion Nacional De Pescadores A Pequena Escala O Artesanales De Colombis (ANPAC) v. Dow Quimica De Colombia, S.A., 988 F.2d 559 (5th Cir. 1993), cert. denied, 114 S.Ct. 685 (1994). Instead, the Fifth Circuit advises the district courts that they

should review their subject matter jurisdiction in cases such as this.  Id.; Luckett v. Delta Airlines, Inc., 171 F.3d 295 (5th Cir. 1999).  In order to remain in federal court, the removing parties must prove by a preponderance of the evidence that the jurisdictional minimum exists. Id.   This showing may be made by either: (1) demonstrating that it is facially apparent that the claims are likely above the jurisdictional minimum; or (2) setting forth the facts in controversy that support a finding of the jurisdictional minimum.  Id.    It is the recognized burden of the party invoking jurisdiction "both to allege with sufficient particularity the facts creating jurisdiction, in view of the nature of the right asserted, and, if appropriately challenged, or if inquiry be made by the court of its own motion, to support the allegation."   St. Paul Mercury Indemnity Co. v. Red Cab Co., 303 U.S. 283, 287, fn. 10 (1938), citing, McNutt v. General Motors Corp., 298 U.S. 178, 182-189 (1936); Diefenthal v. Civil Aeronautics Board, 681 F.2d 1039 (5th Cir. 1982), cert. denied, 459 U.S. 1107 (1983).

 The facts presented do not support a finding of the jurisdictional minimum.  According to the petition, the plaintiff is seeking $60,000 in rent plus costs and attorney's fees under a lease with the defendant.  The lease provides for a $9100 per month rental rate and "reasonable" attorney's fees in the event

that "it becomes necessary ... to employ an attorney to enforce collection of the rents agreed to be paid." In his memorandum, the plaintiff argues that the $60,000 figure set forth in the petition represents a "total" or "maximum" amount with the individual items set forth in the remainder of the petition. This sum does not include attorney's fees, which are being billed at $150 per hour. According to the plaintiff, his claim is for 3 months rent, plus 10% late fees and restoration fees and attorney's fees. The defendant 's succinct response argues only that the petition alleges that the defendant owes $60,000, and that attorney's fees of 25% to 33% will be sought.

Even assuming that the generous $60,000 figure is accurate, there is no indication that the inclusion of "reasonable" attorney's fees and costs will meet the jurisdictional mark for purposes of removal. The defendant's statement that fees will be based on a contingency lacks support. Under these circumstances, the jurisdictional minimum at the time of removal has not been established.

In addition, the Court is mindful that removal jurisdiction is strictly construed. See: Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941); Brown v. Demco, Inc., 792 F.2d 478 (5th Cir. 1986); Butler v. Polk, 592 F.2d 1293 (5th Cir. 1979); C. Wright, A. Miller & E. Cooper, 14B *Federal Practice & Procedure: Civil*,

§3721. When subject matter jurisdiction is doubtful, remand is appropriate. C. Wright, A. Miller & E. Cooper, 14C *Federal Practice & Procedure: Civil*, §3739.

Accordingly,

IT IS ORDERED that this matter be and hereby is REMANDED to the Twenty Fourth Judicial District Court for the Parish of Jefferson, State of Louisiana, due to a lack of subject matter jurisdiction under 28 U.S.C. § 1447(c).

New Orleans, Louisiana, this 12th day of June, 2006.

_____
HELEN G. BERRIGAN
UNITED STATES DISTRICT JUDGE